O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-4106 AHM (VBKx) | Date | October 29, 2009 |
|---|---|---|---|
| Title | FUND RAISING, INC. v. ALASKANS FOR CLEAN WATER, INC. *et al.* | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Stephen Montes | Not Reported | | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |
| Attorneys **NOT** Present for Plaintiffs: | Attorneys **NOT** Present for Defendants: | | |

**Proceedings:**   IN CHAMBERS (No Proceedings Held)

## I.   INTRODUCTION

On June 9, 2009, Petitioner Fund Raising, Inc. ("FRI") filed a petition to compel arbitration as to Respondents Alaskans for Clean Water, Inc. ("AFCW"), Renewable Resources Coalition, Inc. ("RRC"), Renewable Resources Foundation ("RRF"), Hackney & Hackney, Inc. ("H&H"), Arthur Hackney ("Hackney"), and Robert Gillam ("Gillam"). AFCW filed an answer to the petition on July 13, 2009. RRF was dismissed on August 25, 2009, and RRC was dismissed on August 27, 2009.

On July 13, 2009, H&H, Hackney, and Gillam filed a motion to dismiss the petition for failure to state a claim under Fed. R. Civ. P 12(b)(6) and to strike the jury demand pursuant to Rule 12(f). For the following reasons, the Court GRANTS IN PART AND DENIES IN PART the motion.[1] The Court grants the motion to strike the jury demand. The Court denies the motion to dismiss with respect to Respondents Hackney and H&H but grants the motion to dismiss as to Respondent Gillam.

## II.   FACTS ALLEGED IN THE PETITION

Petitioner alleges it entered into an agreement with Respondents to perform general fundraising consulting services for them in connection with a campaign to prevent the opening of a mine in Alaska. Petition ¶ 3; Ex. 2 ¶ 18-19. This agreement was formalized in a Contract, entered into on or around April 1, 2008. Petition Ex. 1 § 1.01. AFCW,

---

[1]Docket No. 10.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-4106 AHM (VBKx) | Date | October 29, 2009 |
|---|---|---|---|
| Title | FUND RAISING, INC. v. ALASKANS FOR CLEAN WATER, INC. *et al.* | | |

Hackney, H&H, RRC, and RRF are named as Parties in the Contract. Petition Ex. 1 p. 1. However, only RRC, RRF, ACFW, and FRI signed the Contract. Petition Ex. 1 p. 8. The Contract contains an arbitration clause, which submits "any dispute which arises in connection with this Agreement or any claim or claims referring or relating to its performance or breach, or any other claim or dispute between the Parties hereto" to binding arbitration. Petition Ex. 1 § 6.06.

Gillam is not named as a party to the Contract, but Petitioner alleges that Gillam is the alter ego of RRC, RRF, and ACFW, such that he should be subject to its terms. Petition Ex. 2 ¶¶ 9-12.

Disputes have arisen between Petitioner and Respondents concerning the Contract. Petition ¶ 5. Petitioner submitted a demand for arbitration to JAMS, but was advised by JAMS's general counsel on June 3, 2009 that the arbitration would proceed against only RRC and AFCW. Petition ¶ 6. On June 9, 2009, Petitioner filed its Petition to Compel Arbitration against all Respondents in this Court.

## III.   LEGAL STANDARD FOR THE MOTION

On a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim, the allegations of the complaint must be accepted as true and are to be construed in the light most favorable to the nonmoving party. *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in the complaint. Thus, if the complaint states a claim under any legal theory, even if the plaintiff erroneously relies on a different legal theory, the complaint should not be dismissed. *Haddock v. Bd. of Dental Examiners*, 777 F.2d 462, 464 (9th Cir. 1985).

Federal Rule of Civil Procedure 8(a)(2) requires

> only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" . . . While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . .,

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-4106 AHM (VBKx) | Date | October 29, 2009 |
|---|---|---|---|
| Title | FUND RAISING, INC. v. ALASKANS FOR CLEAN WATER, INC. *et al.* | | |

> a plaintiff's obligation to provide the "grounds" of his
> "entitle[ment] to relief" requires more than labels and
> conclusions, and a formulaic recitation of the elements of a
> cause of action will not do . . . . Factual allegations must be
> enough to raise a right to relief above the speculative level . . . .

*Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted).

"Two working principles underlie . . . *Twombly*." *Ashcroft v. Iqbal* __ U.S. __, 129 S. Ct. 1937, 1949 (2009). "First, the tenet that a court must accept as true all allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of elements of a cause of action, supported by mere conclusory statements, do not suffice . . . . Second, only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1949-50. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. . . . The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully." *Id.* at 1949. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950.

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion. . . . However, material which is properly submitted as part of the complaint may be considered" on a motion to dismiss. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citations omitted). Documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss without converting the motion to dismiss into a motion for summary judgment. *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001). If the documents are not physically attached to the complaint, they may be considered if their "authenticity . . . is not contested" and "the plaintiff's complaint necessarily relies" on them. *Parrino v. FHP, Inc.*, 146 F.3d 699, 705-06 (9th Cir. 1998). Furthermore, under Fed. R. Evid. 201, a court may take judicial notice of "matters of public record." *Mack v. South Bay Beer Distribs.*, 798 F.2d 1279, 1282 (9th

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-4106 AHM (VBKx) | Date | October 29, 2009 |
|---|---|---|---|
| Title | FUND RAISING, INC. v. ALASKANS FOR CLEAN WATER, INC. *et al.* | | |

Cir. 1986), *abrogated on other grounds by Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104 (1991). "The district court will not accept as true pleading allegations that are contradicted by facts that can be judicially noticed or by other allegations or exhibits attached to or incorporated in the pleading." 5C Wright & Miller, *Fed. Prac. & Pro.* § 1363 (3d ed. 2004).

Where a motion to dismiss is granted, a district court should provide leave to amend unless it is clear that the complaint could not be saved by any amendment. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008) (citation omitted).

"Under the Federal Arbitration Act . . . 'any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability.'" *Three Valleys Mun. Water Dist. v. E.F. Hutton & Co.*, 925 F.2d 1136, 1139 (9th Cir. 1991) (quoting *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983)).

## IV. DISCUSSION

Respondents bring this motion to dismiss because, they argue, they never agreed to arbitrate in the contractual agreement and the agreement contradicts any allegations in the Petition to the contrary. Since H&H and Hackney were named as Clients and Parties in the Contract, although they did not sign, their situation is different from that of Gillam who was not named in the Contract at all. The Court will address the two groups separately.

### A. Sufficient Allegation that H&H and Hackney are Parties to the Contract

Respondents argue that because H&H and Hackney are not signatories to the Contract, they cannot be bound by its arbitration provision.[2] Petitioner counters that even

---

[2] Hackney did sign in his representative capacity on behalf of RRC, RRF, and AFCW. Petition Ex. 1 p. 8. However, signing on behalf of an organization is not

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-4106 AHM (VBKx) | Date | October 29, 2009 |
|---|---|---|---|
| Title | FUND RAISING, INC. v. ALASKANS FOR CLEAN WATER, INC. *et al.* | | |

though they may not have signed the Contract, H&H and Hackney are named as Parties in the Contract, and everyone intended that they be bound by the arbitration clause, so they should be.

The Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-15, requires that an agreement to arbitrate be in writing, 9 U.S.C. § 3, but "it does not require that the writing be signed by the parties." *Nghiem v. NEC Elec., Inc.*, 25 F.3d 1437, 1439 (9th Cir. 1994) (quoting *Genesco, Inc. v. T. Kakiuchi & Co.*, 815 F.2d 840, 846 (2d Cir. 1987)). Thus, the mere fact that H&H and Hackney did not sign the agreement is not enough to prevent them from being bound by its terms.

Moreover, the Petition alleges, and the Contract confirms, that H&H and Hackney were Parties to the Contract. Petition ¶ 3; Ex. 1 p. 1. Specifically, the Contract states:

> This Consulting Agreement (hereinafter "Agreement") is made and entered into between Fund Raising, Inc. . . . (hereinafter "Contractor"), and Art Hackney, Hackney & Hackney, Inc. . . . , Alaskans For Clean Water, Inc. . . . ; Renewable Resources Coalition, Inc. . . . ; and Renewable Resources Foundation, Inc. . . . (hereinafter all collectively referred to as "Client"). Contractor and Client are sometimes collectively referred to hereafter as the "Parties" or individually as "Party."

Petition Ex. 1 p. 1 (emphasis omitted). The Contract also includes an arbitration clause, which states,

> Any dispute which arises in connection with this Agreement or any claim or claims referring or relating to its performance or breach, or any other claim or dispute between the Parties hereto, including, but not limited to, any controversy over any clause, provision, paragraph or word, shall be submitted by the Parties to the American Arbitration Association or JAMS in Los Angeles, California for binding arbitration in the City of

---

necessarily enough to render an individual a party to an agreement. *Benasra v. Marciano*, 92 Cal. App. 4th 987, 990 (Ct. App. 2001).

O

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-4106 AHM (VBKx) | Date | October 29, 2009 |
|---|---|---|---|
| Title | FUND RAISING, INC. v. ALASKANS FOR CLEAN WATER, INC. *et al.* | | |

>Los Angeles, with the Parties' choice of law acknowledged and agreed
>to be the law of the State of California.

Petition Ex. 1 § 6.06.

Thus, on the face of the Petition, including the underlying Contract, Petitioner has alleged facts sufficient to support the proposition that Hackney and H&H are Parties to the Contract and are bound by the arbitration agreement.

Therefore, the Court denies Respondents motion to dismiss with respect to Hackney and H&H.[3]

### B. Insufficient Allegation of Alter Ego Status for Gillam

Although Gillam is not named as a party to the Contract, Petitioner asserts it has sufficiently pleaded facts to show that he may be bound by the arbitration agreement under the alter ego theory. However, Petitioner has not alleged sufficient non-conclusory facts that would enable it to establish alter ego.

The requirements to proceed on an alter ego theory are: (1) there is "such unity of interest and ownership that the separate personalities of the corporation and the individual no longer exist;" and (2) "that, if the acts are treated as those of the corporation alone, an inequitable result will follow." *Mesler v. Bragg Mgmt. Co.*, 39 Cal. 3d 290, 300 (1985) (quoting *Automotriz del Golfo de California v. Resnick*, 47 Cal. 2d 792, 796 (1957)).

Petitioner argues it has satisfied the first branch of this test by pleading as follows in its First Amended Demand for Arbitration, which is incorporated by reference into the Petition:

---

[3] Respondents raise for the first time in their Reply Memorandum the argument that "it would be illegal for the parties to enter into an agreement for the purpose of soliciting charitable donations for Hackney or H&H, which are not non-profit organizations." Reply at 8. This issue has no bearing on whether the arbitration clause applies to them. Moreover, there is no reason why Respondents could not have raised this issue in their Motion and allowed Petitioner an opportunity to respond.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-4106 AHM (VBKx) | Date | October 29, 2009 |
|---|---|---|---|
| Title | FUND RAISING, INC. v. ALASKANS FOR CLEAN WATER, INC. *et al.* | | |

> There exists, and at all times mentioned has existed, a unity of interest and ownership between Gillam, on the one hand, and ACFW [sic], RRC and RRF, on the other, such that any individuality and separateness between the parties has ceased. FRI is informed and believes, and thereon alleges that: (1) Gillam has completely controlled, dominated, managed and operated AFCW, RRC, and RRF for his sole and exclusive benefit; (2) Gillam commingled his assets with the corporations to suit his needs and convenience; and (3) Gillam has failed to maintain any degree of separateness with ACFW, RRC and RRF, and failed to observe corporate formalities.

Petition Ex. 2 ¶ 10.

Respondents argue that these allegations are conclusory and insufficient to state a claim under the *Bell Atlantic Corp.* and *Iqbal* standards. However, these allegations are not a mere "formulaic recitation of the elements." *Bell Atlantic Corp.*, 550 U.S. at 555. Petitioner has alleged specific facts that indicate that "separate personalities of the corporation and the individual no longer exist"—including that Gillam has commingled his assets with those of the corporations and that he has failed to observe corporate formalities. Thus, Petitioner has set forth allegations sufficient to plead the first prong of the alter ego test.

As to the second prong of the test—that an inequitable result will follow from respecting the corporate form—Petitioner alleges only that "[a]dherence to the fiction of the separate existence of ACFW [sic], RRC and RRF as entities distinct from Gillam would permit an abuse of the corporate privilege, sanction fraud and promote injustice. ACFW [sic], RRC and RRF have insufficient assets to respond to the an [sic] award of compensatory damages, costs, attorneys' fees and punitive damages sought in this case." Petition Ex. 2 ¶ 12. These allegations are insufficient.[4] The first sentence is entirely

---

[4] Petitioner also asks the Court to take judicial notice of a report on Gillam's activities with respect to RRC and AFCW issued by the Alaska Public Offices Commission ("APOC"). The contents of this report are not subject to judicial notice under Fed. R. Evid. 201. A "court may not take judicial notice of a fact that is 'subject to reasonable dispute.'" *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001)

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-4106 AHM (VBKx) | Date | October 29, 2009 |
|---|---|---|---|
| Title | FUND RAISING, INC. v. ALASKANS FOR CLEAN WATER, INC. *et al.* | | |

conclusory, and the insufficiency of assets is not enough to establish inequity under the alter ego test. *See Associated Vendors, Inc. v. Oakland Meat Co.*, 210 Cal. App. 2d 825, 842 (Ct. App. 1962) ("[I]t is not sufficient to merely show that a creditor will remain unsatisfied if the corporate veil is not pierced, and thus set up such an unhappy circumstance as proof of an 'inequitable result.'"). Thus, Petitioner has failed to sufficiently plead the second prong of the alter ego test.

Therefore, the Court dismisses the Petition as against Gillam but grants Petitioner leave to amend to allege sufficient facts to establish alter ego.

### C.  Unopposed Motion to Strike the Jury Demand

Petitioner does not oppose Respondents' motion to strike the jury demand, Opp'n at 10, so the jury demand is stricken without leave to amend.

## V.  CONCLUSION

For the foregoing reasons, the Court GRANTS IN PART AND DENIES IN PART Respondents' motion. The Court grants the motion to strike the jury demand. The Court denies the motion to dismiss with respect to Respondents Hackney and H&H but grants the motion to dismiss as to Respondent Gillam with leave to amend.

No hearing is necessary. Fed. R. Civ. P. 78; L. R. 7-15.

|  | : |
|---|---|
| Initials of Preparer | SMO |

---

(quoting Fed. R. Evid. 201(b)). When a court takes judicial notice of a document in the public record for which the underlying facts may reasonably be subject to dispute—such as a judicial opinion or an administrative report—it may do so not for the truth of the facts contained in the document but only for the existence of the document, which is not subject to reasonable dispute over its authenticity. *Cf. Lee*, 250 F.3d at 690 (declining to take judicial notice of the facts contained in a judicial opinion). Thus, the Court declines to take judicial notice of the APOC report.

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-4106 AHM (VBKx) | Date | October 29, 2009 |
|---|---|---|---|
| Title | FUND RAISING, INC. v. ALASKANS FOR CLEAN WATER, INC. *et al.* | | |